Case 2:14-cv-00240 Document 43 Filed in TXSD on 01/05/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SAMMY LOPEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-240 |
| § | |
| STATE OF TEXAS, *et al*, § | |
| § | |
| Respondents. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's Motion for Summary Judgment (D.E. 35) to dismiss Sammy Lopez's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (D.E. 1).[1] On August 7, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 38), recommending that Respondent's motion be granted, this action be dismissed, and that a Certificate of Appealability be denied. This Court received timely objections to the M&R from Respondent on August 12, 2015 (D.E. 39) and from Petitioner on August 17, 2015 (D.E. 40).

In his consolidated petitions, Petitioner asserted two grounds for habeas relief: (a) the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and (b) ineffective assistance of counsel. On the alleged *Brady* violation, the Magistrate Judge determined Petitioner had failed to show that the

---

[1] Petitioner initially filed two federal habeas petitions, Cause No. 2:14–CV–241 and Cause No. 2:14–CV–240, which the Court consolidated under Cause No. 2:14–CV–240 on June 30, 2014 (D.E. 10). Petitioner filed a supplement to his petition on April 27, 2015. D.E. 27.

prosecutor had suppressed the telephonic recordings from the jail because the prosecutor had made them available to Petitioner's attorney the Wednesday before trial. D.E. 38, p. 26. Neither party objects to the Magistrate Judge's finding on this point, and the Court sees no clear error in the Magistrate Judge's analysis.[2] The Court **ADOPTS** as its own the findings and conclusions in the M&R on Petitioner's *Brady* claim.

For his ineffective assistance of counsel claim, Petitioner cited multiple illustrations of his counsel's allegedly deficient representation.[3] After careful review, the Magistrate Judge found that only one claim had merit: that Petitioner's attorney failed to listen to the jail's recordings of telephone conversations between Petitioner and the complaining witness. D.E. 38, p. 20. Since both parties' objections are limited to this particular finding and the Court sees no clear error in the Magistrate Judge's analysis with respect to the findings on those other complaints, the Court **ADOPTS** at its own the Magistrate Judge's findings and conclusions that Petitioner's other claims of ineffective assistance of counsel failed to state a claim upon which relief may be granted.

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two–prong test set out in *Strickland v. Washington,* 466 U.S. 668 (1984). This requires establishing that (a) counsel's performance fell below an objective standard of

---

[2] In reviewing the Magistrate Judge's M&R, this Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected; as to portions of the report that are not objected to, the Court needs only to review them to determine whether they are clearly erroneous or contrary to law. *See United States v. Gibbs,* 421 F.3d 352 (5th Cir. 2005)*;* and *MPJ v. Aero Sky, L.L.C.*, 673 F. Supp. 2d 475 (W.D. Tex. 2009).

[3] Petitioner's allegations against his attorney include: failing to call his parole officer as a witness; advising him not to testify; failing to object to evidence of his prior bad acts; failing to propose a jury instruction on a lesser included offense; failing to pursue a motion for new trial; failing to argue all points suggested by petitioner; failing to pursue a writ of habeas corpus; and failing to listen to the recorded jail telephone conversations; or, alternatively, failing to ask for a continuance so he would have time to do so before trial.

reasonableness (deficiency); and (b) counsel's deficient performance so prejudiced the defendant that it resulted in an unreliable or fundamentally unfair proceeding or outcome (prejudice). *Id* at 687. It is well–settled that this is a conjunctive test in which Petitioner must be able to satisfy both prongs. Petitioner's objection in which he suggests that prevailing under either prong constitutes a victory without necessity of prevailing on both prongs is OVERRULED.

Under the *Strickland* framework, the Magistrate Judge found that, while his attorney's "failure to listen to the recordings or to seek a continuance to listen to them was objectively unreasonable," Petitioner could not show that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. D.E. 38, p. 20. The Magistrate Judge thus found that Petitioner met the first prong of the *Strickland* test, but not the second.

### A. Respondent's Objections

While accepting that the failure to show prejudice eliminates Petitioner's ineffective assistance of counsel claim, Respondent submits two objections with respect to the Magistrate Judge's deficiency conclusion: (1) that, because there was no prejudice, the M&R should not have addressed the question of deficiency; and (2) that the deficiency conclusion was in error. D.E. 39, p. 2.

The Supreme Court, in *Strickland*, clearly held that the order in which courts consider the two prongs (deficiency and prejudice) is not prescribed. Either may be determined first and the remaining prong need not be considered in the event that the failure to demonstrate the first-considered prong (whichever it may be) is dispositive.

> In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697. While the Supreme Court recognized the value of efficiency in determining these cases, it expressly denounced any intention of prescribing a flow chart for decision-making. Indeed, identification of the alleged deficiency is important to determining how a case may have been prejudiced.

> Most important, in adjudicating a claim of actual ineffectiveness of counsel, a court should keep in mind that the principles we have stated do not establish mechanical rules. Although those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.

*Strickland,* 466 U.S. at 696. It is well within a court's discretion to employ whichever approach is most appropriate for any given case. The Court does not find any error in the M&R addressing the deficiency prong prior to the prejudice prong. Respondent's first objection is OVERRULED.

Respondent's second objection challenges the merits of the Magistrate Judge's determination that Petitioner's trial counsel's conduct was objectively unreasonable. D.E. 39, pp. 2–3. The Thirteenth Court of Appeals rested its entire decision on the prejudice prong and did not address whether Petitioner's deficiency argument had merit.

D.E. 14–11, p. 9. Thus no deference is owed to the state court on this issue. *See generally*, *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011).

Respondent argues that the Magistrate Judge erred because "counsel made a reasonable strategic decision not to pursue or listen to the recordings before trial in light of the information provided by Lopez." D.E. 39, pp. 2-3 (citing *Burger v. Kemp*, 483 U.S. 776, 795 (1987); *Andrews v. Collins*, 21 F.3d 612, 623–24 (5th Cir. 1994); and *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 691)). In *Burger*, the court cited *Strickland* as allowing limited investigations where reasonable professional judgments support those limitations. *Burger*, 483 U.S. at 794. Consistent with that test, the court determined that an "all-out investigation into petitioner's background in search of mitigating circumstances" was not constitutionally required after counsel had already interviewed potential witnesses that had been called to his attention. *Id*.

Likewise, the Fifth Circuit in *Andrews* held that an allegedly incomplete investigation for mitigating evidence did not constitute ineffective assistance of counsel. However, again, the trial lawyer had already interviewed 27 witnesses, including defendant, his wife, and his mother, finding no hint of a mitigating factor in defendant's background. Perhaps most telling is the analysis in *Bryant*, in which the Fifth Circuit emphasizes that strategic choices are "virtually unchallengeable" after a "thorough investigation." *Bryant*, 28 F.3d at 1415 (quoting *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)).

In *Nealy*, the Fifth Circuit set out a more detailed set of considerations:

> A substantial body of Fifth Circuit case law insists, however, "that 'effective counsel conduct a reasonable amount of pretrial investigation.'" Although the scope of the required investigation is a function of the "number of issues in the case, the relative complexity of those issues, the strength of the government's case and the overall strategy of trial counsel," this circuit has recognized that, at a minimum, counsel has the duty to interview potential witnesses and to make an independent investigation of the facts and circumstances of the case. This duty is reflected in the American Bar Association Standards for Criminal Justice, a proper guide for determining what is reasonable under the circumstances. These specific obligations inherent in counsel's duty to investigate must temper the amount of deference we give [counsel's] on-the-spot actions in evaluating his performance.

*Nealy*, 764 F.2d at 1177-78 (footnotes omitted).

This Court is not prepared to hold that intentional ignorance of objective evidence of his own client's and a critical witness's prior statements—available virtually at counsel's fingertips—is a "reasonable strategic decision" or beyond a reasonably thorough investigation. While his client may have represented to him what was in those recordings, the negligible effort required to verify those representations contrasted with the potential import of jailhouse telephone calls (beneficial and detrimental), required counsel to take the recordings offered by the prosecution and listen to them before trial. Accordingly, Respondent's second objection is OVERRULED.

### B. Petitioner's Objections

Petitioner was instructed to file written objections to the Magistrate Judge's proposed findings, conclusions, and recommendation and, as a prelude to his objections,

Petitioner recites this requirement, acknowledging that the objections must be specific for purposes of perfecting the record for appeal. D.E. 40, pp. 1–2. Thereafter, Petitioner sets out numerous propositions of law, without stating their relevance or explaining what impact those propositions may have on the proposed findings or conclusions. Many of his objections reassert arguments disposed of by the Magistrate Judge without identifying any particular claimed error in the M&R, and much of the briefing is vague and conclusory.

Still, the Court recognizes that Petitioner disagrees with the outcome recommended by the Magistrate Judge and further acknowledges the applicability of some of the legal propositions set forth in the objections. Consequently, the Court has construed the objections liberally, and to the extent the Court was able to discern specific objections, those objections are addressed below.

First, Petitioner challenges the Magistrate Judge's conclusion that he did not satisfy the prejudicial prong of *Strickland*. He holds a very different opinion of the prejudicial effect of his attorney's conduct. D.E. 40, p.6. Further, Petitioner contends, without elaboration, that the recordings would have "proven petitioner was innocence [sic] and that alleged victim was lying and had ulterior motives." *Id.*, p. 14.

However, the information that the jail recordings would have provided was already before the jury—they had the opportunity to see the complaining witness testify on the stand, had been made aware of her prior inconsistencies, and were able to judge her credibility accordingly. As the state courts noted, the recordings were not valuable because they were exculpatory; their value was in their ability to impeach the

complaining witness. Petitioner's counsel impeached the witness by other means, and in doing so, rendered the recordings cumulative. As such, this Court cannot say with reasonable probability that but for counsel's failure to include such cumulative evidence, the result of the trial would have been different. Thus, Petitioner's objection to the Magistrate Judge's conclusion that he failed to satisfy the prejudicial prong of *Strickland* is **OVERRULED.**

Second, Petitioner objects to the M&R's ultimate conclusion by enumerating several other reasons why he believes his counsel was deficient. The conduct he cites was properly addressed in the M&R and, without a specific allegation of error, requires no further analysis. Moreover, the Magistrate Judge concluded Petitioner was not entitled to relief because he could not show prejudice, so asserting additional grounds to establish the deficiency prong does not aid his argument. Petitioner's second objection is **OVERRULED.**

Third, Petitioner asserts that he has "no doubt" that "trial counsel had a conflict of interest" (D.E. 40, p. 8) and that his attorney's "pursuit of a highly non aggressive cross–examination of the alleged victim constitutes ineffective assistance of counsel" (*Id.,* at 9). Petitioner does not provide any factual or legal support for these claims, they do not illustrate any prejudice, and as they are presented for the first time in his objections, these new allegations will not be considered.[4] Petitioner's third objection is **OVERRULED.**

---

[4] *See Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F. Supp. 2d 747 (E.D. Tex. 2013) (evidence and arguments presented for the first time upon objection to a report and recommendation need not be considered).

Fourth, Petitioner objects to the M&R because it relies on what he believes to be factual inaccuracies. Petitioner recounts a very different version of the conversations he had with his attorney than that reflected in the record, and he claims that they never discussed the letters. D.E. 40, pp. 12–15. Further, Petitioner asserts his attorney is "lying and making things up" and "abandoned all strategic defense at trial." *Id.*, at pp. 12–13. All of these contentions are at odds with the facts recited in the M&R and the record of the state court proceedings.

A state court's factual findings are presumed to be correct unless a petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "We may not characterize these state–court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, ––– U.S. ––––, 135 S.Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "Instead, § 2254(d)(2) requires that we accord the state trial court substantial deference." *Id*. "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Wood v. Allen,* 558 U.S. at 301 (quoting *Rice v. Collins*, 546 U.S. 333, (2006)).

Here, the state trial court conducted a hearing on Petitioner's motion for a new trial at which Petitioner was allowed to introduce evidence through testimony and exhibits and to cross–examine the government's witness. D.E. 14–8. The Court of Appeals, the habeas court, and the Magistrate Judge all had ample opportunities to consider Petitioner's filings and review the record. This Court sees no reason to doubt

their factual findings, and Petitioner has not provided clear and convincing evidence to support his claims to the contrary. Thus, the Court accepts the Magistrate Judge's factual findings as correct and adopts them as its own and Petitioner's fourth objection is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Respondent's and Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's and Respondent's objections, and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 35) is **GRANTED** and Petitioner's habeas petition is **DISMISSED.**

In the event that Petitioner seeks a Certificate of Appealability, such request is **DENIED.**

ORDERED this 5th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE